**4**
**LAW OFFICES OF GABRIEL LIBERMAN, APC**
Gabriel E. Liberman (SBN 303010)
Gabe@4851111.com
1545 River Park Drive, Suite 530
Sacramento, California 95815
Telephone: (916) 485-1111
Facsimile: (916) 485-1111

Attorney for CAPSITY, INC.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>**CAPSITY, INC.**<br><br><br>Debtor, | Case No. 2023-23940-B-11<br>DCN: GEL-4<br><br>**DECLARATION OF DMITRI GODAMUNNE IN SUPPORT OF SUPPLEMENT TO MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH COLLATERAL**<br><br>Date: April 23, 2024<br>Time: 11:00 a.m.<br>Location: 501 I Street, 6th floor,<br>  Courtroom 32<br>  Sacramento, CA<br><br>Judge: Honorable Christopher D. Jaime |

I, DMITRI GODAMUNNE hereby declare as follows:

1. I am over the age of 18 and am mentally competent and I make this declaration regarding *Debtor's*

5

1  *SUPPLEMENT TO MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE*
2  *PROTECTION; SCHEDULING DEADLINES RELATING TO A FINAL HEARING ON USE OF CASH*
3  *COLLATERAL.*

4. I am the president of CAPSITY, INC., the debtor in possession (the "Debtor").

5. In my capacity as Debtor's president, I am familiar with Debtor's daily business, operations, and financial affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of Debtor's operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of Debtor's management and Debtor's business and legal advisors. If called upon to testify as to the content of this Declaration, I could and would do so.

**The Unauthorized Use of Cash Collateral**

4. Between November 2, 2023 to March 5, 2023, without approval by the Court or its secured creditors, Debtor used rents collected to pay $8,105.00 to SMUD for utility expenses, $114.85 for bank and association fees and $1,750 to pay secured creditor, Intertorg, LLC. In total $10,119 was used during this period, and further broken down in the tables below:

| **Broadway Property** | | | | |
|---|---|---|---|---|
| **INCOME:** | **November** | **December** | **January** | **February** |
| Rental Income: | $10,804 | $6,563 | $8,611 | $7,813 |
| | | | | |
| | | | | |
| **EXPENSES:** | | | | |
| SMUD (Broadway) | $1,051.00 | $851.00 | $852.00 | $957.00 |
| Intertorg, LLC (secured) | $1,500.00 | $250.00 | $0 | $0 |
| PG&E (Broadway) | $150.00 | $0 | $0 | $0 |
| Bank fees | | $29.95 | $29.95 | $29.95 |
| **Total Expenses:** | **$2,701.00** | **$1,130.95** | **$881.95** | **$986.95** |

| Del Paso Property | | | | |
|---|---|---|---|---|
| **INCOME:** | **November** | **December** | **January** | **February** |
| **Rental Income:** | $8,000 | $8,000 | $8,000 | $7,200 |
| | | | | |
| **EXPENSES:** | | | | |
| SMUD (Del Paso) | $1,174.00 | $1,020.00 | $1,100 | $1,100 |
| Oak Park Association Dues | | $25.00 | | |
| | | | | |
| **Total Expenses:** | **$1,174.00** | **$1,045.00** | **$1,100.00** | **$1,100.00** |

**Request for Retroactive Approval**

5. Debtor did not initially seek approval of cash collateral due 1) Debtor filing pro-se and not retaining counsel until November 16, 2023, which effectively pro-longed the initial document gathering and early critical stages of the Chapter 11 Case.

6. I have struggled to maintain the bare minimum requirements of operating in compliance with the United States Trustee's Debtor in Possession requirements. This included compliance with the Initial Debtor Interview (IDI), including opening a Debtor in Possession account, providing requested information and documents which has since frustrated this case from its inception.

7. I was able to open a DIP bank account, provide the necessary IDI documents and have been able to focus more on the next phases of this case.

8. During Debtor's many[2] 341 meeting of creditors, and as stated to Mr. Liberman off the record, I indicated that Debtor would not be using the rental income and would segregate the rental proceeds. Eventually, this led to issues of how Debtor would pay its operational costs, to which, I stated that Debtor had a history of crediting tenants rent payments in exchange for the tenants paying the buildings operational costs such as the SMUD bill. At each meeting of creditors, new issues arose which stemmed

---

[2] December 7, 2023, January 8, 2024, January 29, 2024 and concluded on February 9, 2024

7

from jumbled financial reports and budgets being prepared. This is due to the fact that I do not have a bookkeeper or staff to assist in me and I am doing my best in preparing the necessary reports being requested.

9. During the case not all of the rental income has been segregated but has been used to help keep the buildings operational.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

Dated this 11th day of April, 2024

        By: /*s/* DMITRI GODAMUNNE
           DMITRI GODAMUNNE
           President for Debtor